UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARILYN ROUSSEAU     CIVIL ACTION

VERSUS     NO: 18-2922

JOHNSON & JOHNSON, ET AL.     SECTION: "A" (1)

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 8)** filed by Plaintiff, Marilyn Rousseau. Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc. (collectively "J & J") oppose the motion. The motion, noticed for submission on April 18, 2018, is before the Court on the briefs without oral argument.[1]

Plaintiff Marilyn Rousseau has been diagnosed with malignant mesothelioma, which she attributes to her and her mother's use of cosmetic talc products. According to Plaintiff, talc is regularly contaminated with asbestos and/or asbestiform contaminants that distinctly give rise to an increased risk of mesothelioma.

Plaintiff, a Louisiana citizen, initiated this suit in Orleans Parish state court against J & J and other defendants, who allegedly designed, manufactured, sold or supplied the talc products that she and her mother purchased and used here in Louisiana. Plaintiff's alleged exposure period is from approximately 1948 through the

---

[1] Plaintiff has requested oral argument but the Court is not persuaded that oral argument would be helpful.

1

late 1970s.[2] J & J removed the suit to federal court claiming diversity jurisdiction. 28 U.S.C. § 1332(a)(1). All of the defendants, with the exception of K&B Louisiana Corporation (d/b/a Rite Aid Corporation), are diverse, non-Louisiana entities. Removal was grounded on the contention that Ms. Rousseau improperly joined K&B in order to defeat federal jurisdiction.

Plaintiff now moves to remand the case back to state court contending that J & J has not met its burden of establishing improper joinder as to the non-diverse defendant, K&B.

The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity. *Cuevas v. BAC Home Loans Serv.*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). Improper joinder can be established in two ways: 1) actual fraud in the pleading of jurisdictional facts, or 2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (quoting *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 401 (5th Cir. 2013)). To establish improper joinder under the second prong, the defendant must demonstrate that "there is no possibility of recovery" against the non-diverse defendant, "which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004 (en banc)).

---

[2] All of Plaintiff's alleged exposure occurred prior to 1988 when the Louisiana Products Liability Act became law. The parties are in agreement that pre-Act Louisiana law applies to Ms. Rousseau's claims.

To determine whether an in-state defendant was improperly joined, the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the petition to determine whether the allegations state a claim against the non-diverse defendant under state law. *Alviar*, 854 F.3d at 289. The Court may also "pierce the pleadings" and consider summary judgment-type evidence so long as all unchallenged factual allegations are construed in the light most favorable to the plaintiff. *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003). However, pretrying the case to determine removal jurisdiction is not appropriate. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (citing *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 263 (5th Cir. 1995)). Any contested issues of fact and ambiguities of state law must be resolved in the plaintiff's favor. *Travis*, 326 F.3d at 648-49.

The focus of the improper joinder inquiry is on the joinder of the non-diverse defendant, not on the merits of the plaintiff's case. *Cuevas*, 648 F.3d at 249. The burden of establishing improper joinder is on the removing party and the burden is a heavy one. *Id.* Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988)).

Plaintiff argues that she has adequately alleged strict liability, negligence, and redhibition claims against K&B, even though K&B was not a manufacturer of talc products but rather was a non-manufacturer seller of those products. J & J points out that even under pre-Act law, a non-manufacturer seller cannot be liable for selling a

defective product absent a showing that the product was defective—an allegation that Plaintiff cannot make. Plaintiff's answer to this problem is found in the pre-Act concept of a professional vendor, as discussed in *Chappuis v. Sears Roebuck & Co.*, 358 So. 2d 926 (La. 1978). The responsibility of a seller found to be a professional vendor will be the same as that of a manufacturer, who of course is charged with knowledge of the defects in its products. *See id.* at 929. In *Chappuis*, where the retailer had held the product out to the public as its own, coupled with the size, volume, and merchandising practices of the retailer, the concept of professional vendor applied. *Id.* at 930.

      J & J's position is that the factual allegations in the petition specific to K&B are insufficient to trigger professional vendor liability even if the allegations might apply that theory to other defendants. While the Court agrees that the allegations were not precisely and carefully drafted to make unequivocally clear that the pertinent allegations pertain to *all* defendants, the Court is not persuaded that the technical deficiencies identified by J & J establish improper joinder. The facts giving rise to the claims at issue occurred between forty and seventy years ago so Plaintiff will require discovery to flesh out her claims against all of the defendants, including K&B. This case is in its infancy and the Court cannot conclude with any degree of certainty that Plaintiff has no possibility of recovery against K&B. The affidavit of Bryan Shirtliff with Rite Aid (Rec. Doc. 1-4, Exh. C) does nothing to impugn this conclusion. Moreover, the Court finds persuasive the opinion in *McBride v. Johnson & Johnson*, (Rec. Doc. 8-3, Exh. C), authored by Judge Wolfson, the district judge presiding over the talcum powder products MDL.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 8)** filed by Plaintiff, Marilyn Rousseau is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

May 17, 2018

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE